Steven J. Lechner, D.C. Bar No. AZ 0001
Jessica J. Spuhler, CO Bar No. 41833
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
lechner@mountainstateslegal.com
jspuhler@mountainstateslegal.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SOLENEX LLC, ) | | |
| a Louisiana Limited Liability Company ) | | |
| 821 East Lakeview Drive ) | | |
| Baton Rouge, Louisiana 70810, ) | | |
| ) | Case No. 13-993 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Judge: _____ | |
| ) | | |
| SALLY JEWELL ) | | |
| Secretary ) | | |
| U.S. Department of the Interior ) | | |
| 1849 C Street, N.W., Mail Stop 7229 ) | | |
| Washington, D.C. 20240 ) | | |
| ) | | |
| MIKE POOL ) | | |
| Acting Director ) | | |
| Bureau of Land Management ) | | |
| 1849 C Street, N.W., Room 5655 ) | | |
| Washington, D.C. 20240 ) | | |
| ) | | |
| JAMIE CONNELL ) | | |
| State Director ) | | |
| Montana State Office ) | | |
| Bureau of Land Management ) | | |
| 5001 Southgate Drive ) | | |
| Billings, Montana 59101 ) | | |
| ) | | |
| ) | | |
| ) | | |
| ) | | |

| | |
|---|---|
| TOM VILSACK<br>Secretary<br>U.S. Department of Agriculture<br>1400 Independence Avenue, S.W.,<br>Room 200-A<br>Washington, D.C. 20250 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| TOM TIDWELL<br>Chief<br>U.S. Forest Service<br>210 – 14th Street, S.W., 4th Floor<br>Washington, D.C. 20250 | )<br>)<br>)<br>)<br>)<br>) |
| FAYE KRUEGER<br>Regional Forester<br>U.S. Forest Service – Region 1<br>P.O. Box 7669<br>Missoula, Montana 59807 | )<br>)<br>)<br>)<br>)<br>) |
| WILLIAM AVEY<br>Forest Supervisor<br>Lewis and Clark National Forest<br>1101 15th Street N<br>Great Falls, Montana 59401 | )<br>)<br>)<br>)<br>)<br>) |
| CAROL SHULL<br>Interim Keeper<br>National Register<br>1849 C Street, N.W., Room 3128<br>Washington, D.C. 20240 | )<br>)<br>)<br>)<br>)<br>) |
| in their official capacities, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Solenex LLC, a Louisiana limited liability company, files this Complaint against the above-named Defendants, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this case, pursuant to 28 U.S.C. § 1331, because the matter in controversy arises under the laws of the United States, including, but not limited to: (a) the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*; (b) the Mineral Leasing Act ("MLA"), 30 U.S.C. § 181 *et seq.*; (c) the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et seq.*, and (d) the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470 *et seq.*

2. Venue rests properly in this District, pursuant to 28 U.S.C. § 1391(e)(2), because, *inter alia*, Defendant, Sally Jewell, Secretary, U.S. Department of the Interior, resides in this judicial district.

## PARTIES

3. Plaintiff Solenex is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business in Baton Rogue, Louisiana. Solenex owns Federal Oil and Gas Lease M-53323 ("Lease M-53323").

4. Defendant Sally Jewell is the Secretary, U.S. Department of the Interior. Sally Jewell is responsible for, *inter alia*, administering the MLA and approving applications for permits to drill ("APDs") on federal onshore oil and gas leases, including Lease M-53323. Defendant Jewell is sued in her official capacity.

5. Defendant Mike Pool is Acting Director of the Bureau of Land Management. Defendant Pool is responsible for, *inter alia*, administering the MLA and approving applications for permits to drill ("APDs") on federal onshore oil and gas leases, including Lease M-53323, subject to the supervision of Defendant Jewell. Defendant Pool is sued in his official capacity.

6. Defendant Jamie Connell is the State Director, Montana State Office, BLM. Defendant Connell is responsible for, *inter alia*, administering the MLA and approving

applications for permits to drill ("APDs") on oil and gas leases with the State of Montana, including Lease M-53323, subject to the supervision of Defendants Jewell and Pool. Defendant Connell is sued in her official capacity.

7. Defendant Tom Vilsack, is the Secretary U.S. Department of Agriculture. Defendant is responsible for, *inter alia*, managing and approving surface uses on federal oil and gas leases within the National Forests, pursuant to the NFMA. Defendant Vilsack is sued in his official capacity.

8. Defendant Tom Tidwell, is the Chief, U.S. Forest Service ("USFS"). Defendant Tidwell is responsible for, *inter alia*, managing and/or approving surface uses on federal oil and gas leases within the National Forests, pursuant to the NFMA, and subject to the supervision of Defendant Vilsack. Defendant Tidwell is sued in his official capacity.

9. Defendant Faye Krueger is the Regional Forester, Region 1, USFS. Defendant Krueger is responsible for, *inter alia*, managing and/or approving surface uses on federal oil and gas leases within the Lewis and Clark National Forest, including Lease M-53323, pursuant to the NFMA, and subject to the supervision of Defendants Vilsack and Tidwell. Defendant Krueger is sued in her official capacity.

10. Defendant William Avey is the Forest Supervisor for the Lewis and Clark National Forest. Defendant Avey is responsible for, *inter alia*, managing and/or approving surface uses on federal oil and gas leases within the Lewis and Clark National Forest, including Lease M-53323, subject to the supervision of Defendants Vilsack, Tidwell, and Krueger. Defendant Avey is sued in his official capacity.

11. Defendant Carol Shull is the Interim Keeper of the National Register. Defendant Shull is responsible for, *inter alia*, administering the NHPA. Defendant Shull is sued in her official capacity.

## FACTUAL BACKGROUND

12. Effective June 1, 1982, the BLM issued Sidney M. Longwell Lease M-53323, which covers approximately 6,247.00 acres in Glacier, County, Montana. Section 1 of lease M-53323 granted Mr. Longwell, *inter alia*:

> [E]xclusive right and privilege to drill for, mine, extract, remove and dispose of all of the oil and gas deposits, except helium gas, in the lands leased . . . for a period of 10 years, and so long thereafter as oil and gas is produced in paying quantities . . . .

13. In 1983, Mr. Longwell assigned Lease M-53323 to America Petrofina Company of Texas, which later became Fina Oil and Chemical Company (hereinafter "Fina"). On or about October 18, 1983, and in full compliance with all relevant statutes and regulations, Fina submitted an APD for the Federal South Glacier #1-26 well on Lease M-53323 near Hall Creek in Section 26, T30N, R13N, PMM, *i.e.*, approximately 2 miles south of U.S. Highway 2.

14. Defendants approved the APD in 1985, 1987, and 1991.

15. In January 1993, Defendants approved the APD for the fourth time.

16. On or about June 4, 1993, Defendants suspended all activities on Lease M-53323, including those authorized under the approved APD for a period of one year. The "stated" reason for the suspension was to allow Congress time to consider legislation involving the area of the proposed well. The real reason was to unlawfully delay activities that were authorized under the approved APD and to unlawfully deny the exercise of the rights that were granted in Lease M-53323.

17.     In 1994, Defendants continued the suspension for another year.  The stated reason for this suspension was to allow Congress time to consider legislation involving the area of the proposed well.  The real reason was to unlawfully delay activities that were authorized under the approved APD and to unlawfully deny the exercise of the rights that were granted in Lease M-53323.

18.     In 1995, Defendants continued the suspension for another year.  The "stated" reason for this suspension was to allow Congress time to consider legislation involving the area of the proposed well.  The real reason was to unlawfully delay activities that were authorized under the approved APD and to unlawfully deny the exercise of the rights that were granted in Lease M-53323.

19.     In 1996, Defendants continued the suspension for another year.  The "stated" reason was to allow Defendants to comply with the NHPA.  The real reason was to unlawfully delay activities that were authorized under the approved APD and to unlawfully deny the exercise of the rights that were granted in Lease M-53323.

20.     In 1997, Defendants continued the suspension for another year.  The "stated" reason was to allow Defendants to comply with the NHPA.  The real reason was to unlawfully delay activities that were authorized under the approved APD and to unlawfully deny the exercise of the rights that were granted in Lease M-53323.

21.     In 1998, Defendants continued the suspension indefinitely.  The "stated" reason was to allow Defendants to comply with the NHPA.  The real reason was to unlawfully delay activities that were authorized under the approved APD and to unlawfully deny the exercise of the rights that were granted in Lease M-53323.

22. In 1999, FINA assigned its rights under the approved APD and Lease M-53323 back to Mr. Longwell.

23. On or about July 9, 2004, Mr. Longwell assigned his rights under the approved APD and Lease M-53323 to Solenex.

24. On May 21, 2013, Solenex, through its undersigned attorneys, sent a letter to Defendants Avey and Connell, requesting the the suspension of Lease M-53323 be lifted so that Solenex could exercise its rights under the APD. On June 18, 2013, Mr. Avey responded on behalf of the Forest Service, but provided no indication that there was an end in sight to the delay of the activities authorized under Solenex's approved APD.

25. To date, Lease M-53323 and the activities authorized under the approved APD continue to be suspended by Defendants.

## FIRST CLAIM FOR RELIEF
(Administrative Procedure Act, 5 U.S.C. § 706(1), Unlawfully Withholding or Unreasonably Delaying Agency Action)

26. Solenex incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

27. In passing the MLA, Congress intended for lessees to exercise the rights granted under their leases.

28. Although Congress authorized the suspension of leases under certain circumstances, *see* 30 U.S.C. § 209, Congress did not intend for leases to be suspended indefinitely.

29. Defendants' ongoing and indefinite delay of the activities authorized under the approved APD and failure to allow Solenex to exercise the rights granted by Lease M-53323 is agency action within the meaning the APA. 5 U.S.C. §§ 551(13).

30. Defendants' ongoing and indefinite delay of the activities authorized under the approved APD and failure to allow Solenex to exercise the rights granted by Lease M-53323 is subject to judicial review as final agency action for which there is no adequate remedy at law. 5 U.S.C. § 704.

31. Solenex suffers legal wrong and is adversely affected and/or aggrieved by Defendants' ongoing and indefinite delay of the activities authorized under the approved APD and Defendants' failure to allow Solenex to exercise the rights granted by Lease M-53323. 5 U.S.C. § 702.

32. Defendants have unlawfully withheld and/or unreasonable delayed the activities authorized under the approved APD and Solenex's ability to exercise the rights granted by Lease M-53323.

33. The APA requires federal courts to compel agency action that is unlawfully withheld and/or unreasonable delayed. 5 U.S.C. § 706(1).

34. This Court has the authority, pursuant to the APA, to compel Defendants to allow the activities authorized under the approved APD and to allow Solenex to exercise the rights granted by Lease M-53323.

## SECOND CLAIM FOR RELIEF
(Failure to Complete Administrative Action)

35. Solenex incorporates the allegations in the foregoing paragraphs as if fully set forth herein.

36. Solenex's APD has been approved for almost 20 years.

37. The APA compels agencies to conclude matters presented to them "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time." 5 U.S.C. § 555(b).

38. To the extent Defendants claim any additional administrative action is still necessary regarding Solenex's approved APD, they have a duty to expeditiously complete those actions, otherwise the rights granted in Lease M-53323 and the rights granted under the approved APD would be illusory.

39. To the extent Defendants have not completed administrative action regarding Solenex's approved APD, Defendants' failure to do so is agency action within the meaning the APA. 5 U.S.C. § 551(13).

40. To the extent Defendants have not completed administrative action regarding Solenex's approved APD, Defendants' failure to do so is subject to judicial review as final agency action for which there is no adequate remedy at law. 5 U.S.C. § 704.

41. To the extent Defendants have not completed administrative action regarding Solenex's approved APD, Solenex suffers legal wrong and is adversely affected and/or aggrieved by Defendants' failure to do so. 5 U.S.C. § 702.

42. To the extent Defendants have not completed administrative action regarding Solenex's approved APD, Defendants have unlawfully withheld and/or unreasonable delayed the completion of administrative action on Solenex's approved APD.

43. The APA requires federal courts to compel agency action that is unlawfully withheld and/or unreasonable delayed. 5 U.S.C. § 706(1).

44. To the extent Defendants have not completed administrative action regarding Solenex's approved APD, this Court has the authority, pursuant to the APA, to compel Defendants to immediately complete administrative action regarding Solenex's approved APD so that Solenex may exercise the rights granted to it by Lease M-53323.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Solenex prays:

(1)     That it be declared and adjudged that Defendants have unlawfully withheld and/or unreasonable delayed Solenex's ability to exercise the rights granted by Lease M-53323.

(2)     That it be declared and adjudged that Defendants have unlawfully withheld and/or unreasonable delayed the activities authorized under Solenex's approved APD.

(3)     That Defendants be ordered to immediately allow the activities authorized under Solenex's approved APD so that Solenex may exercise the rights granted by Lease M-53323.

(4)     To the extent Defendants have not completed administrative action regarding Solenex's approved APD, that it be declared and adjudged that Defendants have unlawfully withheld and/or unreasonable delayed the completion of such action.

(5)     To the extent Defendants have not completed administrative action regarding Solenex's approved APD, that Defendants be ordered to complete such administrative action within thirty (30) days.

(6)     That Solenex be awarded costs and attorneys' fees in accordance with law, including the Equal Access to Justice Act, 28 U.S.C. § 2412.

(7)     That Solenex be awarded such further relief as this Court deems just and equitable.

DATED this 28th day of June 2013.

Respectfully Submitted By:

MOUNTAIN STATES LEGAL FOUNDATION

_____
Steven J. Lechner, D.C. Bar No. AZ 0001

          Jessica J. Spuhler, CO Bar No. 41833
          MOUNTAIN STATES LEGAL FOUNDATION
          2596 South Lewis Way
          Lakewood, Colorado 80227
          (303) 292-2021
          (303) 292-1980 (facsimile)
          lechner@mountainstateslegal.com
          jspuhler@mountainstateslegal.com

          Attorneys for Plaintiff