**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SOLENEX LLC,                          )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        **Civil Case No. 13-0993 (RJL)**
                                      )
SALLY JEWELL et al.,                  )
                                      )
        Defendants.                   )
                                      )

**MEMORANDUM ORDER**
June _6_, 2014 [# 9]

Plaintiff Solenex LLC, the holder of a federal oil and gas lease in Montana, brings

suit against the Secretary of the Interior, the Secretary of Agriculture, the Director of the

Bureau of Land Management ("BLM"), the Chief of the Forest Service, and several other

subordinate federal officials (collectively, "federal defendants") relating to the

government's suspension of all oil and gas drilling and extraction activity on that lease.

*See* Compl. [Dkt. # 1] ¶¶ 3-11, 16-25. Plaintiff seeks declaratory and injunctive relief,

including lifting of the suspension, for federal defendants' alleged violations of the

Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, by (1) unlawfully

withholding or unreasonably delaying agency action, and (2) failing to complete

administrative action. *See* Compl. ¶¶ 26-44. Before this Court is the Motion of Blackfeet

Headwaters Alliance, Glacier-Two Medicine Alliance, Montana Wilderness Association,

National Parks Conservation Association, and The Wilderness Society to Intervene as

Defendants [Dkt. # 9] and their Memorandum of Points and Authorities in Support

("Proposed Intervenors' Mem.") [Dkt. # 9-1]. The proposed intervenors—five non-profit

organizations "dedicated to the conservation of the natural and/or cultural environment,"

Proposed Intervenors' Mem. at 7—move to intervene as of right under Federal Rule of

Civil Procedure 24(a) or, alternatively, for permissive intervention under Rule 24(b).

Plaintiff opposes this motion, *see* Pl.'s Mem. of P. & A. in Opp'n to Proposed

Intervenors' Mot. to Intervene ("Pl.'s Opp'n") [Dkt. # 16], but federal defendants do not.

For the following reasons, the Court will DENY proposed intervenors' motion.

Under Rule 24(a), a court must permit a party to intervene as of right if it "claims

an interest relating to the property or transaction that is the subject of the action, and is so

situated that disposing of the action may as a practical matter impair or impede the

movant's ability to protect its interest, unless existing parties adequately represent that

interest." Fed. R. Civ. P. 24(a)(2). Our Circuit has identified "four prerequisites to

intervene as of right: '(1) the application to intervene must be timely; (2) the applicant

must demonstrate a legally protected interest in the action; (3) the action must threaten to

impair that interest; and (4) no party to the action can be an adequate representative of the

applicant's interests.'" *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting

*SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)). Here, proposed

intervenors satisfy the first three requirements. First, their motion is timely because they

filed it early in this litigation—three months after the complaint was filed, just over two

weeks after federal defendants answered, and before any scheduling order was entered.

Second, they have environmental and cultural interests in the lease area stemming from

their use of the land. Proposed Intervenors' Mem. at 2-4, 6-7, 11-12. And third, plaintiff's action to lift the suspension and proceed with oil and gas drilling would impair those interests.

But proposed intervenors' argument for intervention runs aground on the fourth prong of the test. Although the burden of making the showing that existing parties may not adequately represent the movant's interests is "minimal," *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003), proposed intervenors have nonetheless failed to meet it here because the federal defendants will, in fact, adequately protect proposed intervenors' interests. As proposed intervenors themselves point out, the aim of their advocacy is the very reason the government suspended the lease in the first place (and issued repeated suspensions): the conservation of natural and cultural resources (or additional consideration thereof). *See* Proposed Intervenors' Mem. at 14 ("it is the Forest Service's consideration of these cultural issues via the National Historic Preservation Act process that underlies the lease suspension at issue in this case"); Proposed Intervenors' Reply [Dkt. # 17] at 1 ("Solenex's own complaint and relevant agency documents establish that the BLM has issued the challenged suspensions to facilitate adequate consideration of *the very cultural and environmental resources that underlie [proposed intervenors'] interest in this case*" (emphasis added)); *id.* at 3 ("As stated in the BLM letter imposing the ongoing suspension of Solenex's lease, the underlying justifications for the suspensions of operations and production on this lease are 'to provide Congress a chance to consider legislation to conserve and protect the natural resources of the area' and to consider 'a historic property eligible for the National Register of Historic Places'

3

pursuant to 'Section 106 of the National Historic Preservation Act,'" and "[t]hese

environmental and cultural justifications represent *the very interests that [proposed*

*intervenors] seek[] to protect* through intervention in this litigation" (emphasis added));

*id.* at 7 ("The NHPA process, if allowed to be completed, promises to shield [proposed

intervenors'] interest from harm that might be caused by Solenex's proposed action . . .").

      Moreover, proposed intervenors' self-described purpose in intervening is "to

defend the reasonableness of these suspensions," Proposed Intervenors' Reply at 4, which

is precisely what the federal defendants are doing in this litigation. *See also* Proposed

Intervenors' Reply at 10 (proposed intervenors' "'interests and objectives in this lawsuit'

. . . [are] affirming the reasonableness of Federal Defendants' suspension of Lease M-

53323 in the interest of conservation of natural resources"); Proposed Intervenors' Mem.

at 16 ("Applicants seek to protect the site from development *and, at a minimum, to*

*ensure that ongoing, legally-mandated agency processes to consider the full extent of*

*environmental and cultural impacts of such industrial activity are properly completed*

before any such development occurs." (emphasis added)); *id.* at 23-24 ("Applicants seek

to ensure that all required cultural and environmental review processes are complied with

fully before any possible development activity may occur with respect to the Hall Creek

lease, and that Federal Defendants' fulfillment of those processes is deemed reasonable

under the circumstances."). Thus, in view of the nature of the case—a lease-holder's

challenge to an ongoing lease suspension, rather than a challenge to the leasing decision

in the first instance—proposed intervenors' interests are not, in fact, "narrower" than

those of federal defendants, and therefore federal defendants can more than adequately

represent proposed intervenors' interests. *Cf.* Proposed Intervenors' Mem. at 17-19.

Accordingly, I find that proposed intervenors may not intervene as of right.

For the same reason, I will exercise my discretion to deny them permissive intervention. *See E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (under Rule 24(b), a court *may* permit a party to intervene if the putative intervenor presents "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action"); *id.* at 1048 (district court has the discretion to deny a motion for permissive intervention even if the movant has met all three requirements). Accordingly, it is hereby

**ORDERED** that the Motion of Blackfeet Headwaters Alliance, Glacier-Two Medicine Alliance, Montana Wilderness Association, National Parks Conservation Association, and The Wilderness Society to Intervene as Defendants [Dkt. # 9] is **DENIED**.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge