UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SOLENEX LLC,                )
                            )
    Plaintiff,              )
                            )
        v.                  )   Civil Case No. 13-0993 (RJL)
                            )
SALLY JEWELL et al.,        )   **FILED**
                            )
    Defendants.             )   JUL 2 7 2015
                            )
                            )   Clerk, U.S. District & Bankruptcy
                                Courts for the District of Columbia

MEMORANDUM ORDER
July 27, 2015 [Dkts ## 24, 33]

Plaintiff Solenex LLC ("plaintiff" or "Solenex") brought this action against defendants Sally Jewell, in her official capacity as Secretary of the U.S. Department of the Interior; Mike Pool, in his official capacity as Acting Director of the Bureau of Land Management; Jamie Connell, in his official capacity as State Director of the Montana State Office for the Bureau of Land Management; Thomas Vilsack, in his official capacity of Secretary of the U.S. Department of Agriculture; Tom Tidwell, in his official capacity as Chief of the U.S. Forest Service; Faye Krueger, in her official capacity as Regional Forester for the U.S. Forest Service - Region 1; William Avey, in his official capacity as Forest Supervisor for the Lewis and Clark National Forest; and Carol Shull, in her official capacity as Interim Keeper of the National Register (collectively, "defendants"); alleging that under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701(a), defendants have unreasonably delayed agency action in their review of plaintiff's drilling permit, which is currently suspended. *See generally* Complaint [Dkt.

# 1]. Currently before the Court are plaintiff's and defendants' motions for summary judgment. *See* Pl.'s Mot. for Summary Judgment [Dkt. # 24]; Federal Defs.' Cross-Mot. for Summary Judgment [Dkt. # 33]. Upon due consideration of the pleadings, oral argument, the relevant law, and the entire record herein, it is hereby it is hereby ORDERED that defendant's motion is DENIED and plaintiff's motion is GRANTED in part and DENIED in part.

The factual history of this case is long, detailed, and torturous, but the essential facts, none of which are in dispute, are these: the Bureau of Land Management ("BLM") issued a lease covering 6,247 acres in Montana to plaintiff's predecessor-in-interest in 1982. Pl.'s Statement of Material Facts ("PSOMF") at ¶¶ 11-13 [Dkt. # 24-2]. On January 31, 1985, the BLM approved an application for permit to drill ("APD"), for a single exploratory well to test and evaluate natural gas potential. PSOMF at ¶¶ 31. Since then, the APD has been suspended six times: the first suspension was effective October 1, 1985, and the most recent suspension was an indefinite suspension that has been in place since July 15, 1998. PSOMF at ¶ 71. These delays in making a final determination about the suspension of plaintiff's lease are the result of various agencies, including the Forest Service and the BLM, performing various reviews under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4331 *et seq.*, the National Historic Preservation Act ("NHPA"), 16 U.S.C. §§ 470–470x-6, and other applicable statutes. *See* PSOMF at ¶¶ 28-82. Thus, since the APD was first approved in 1985, the lease has been suspended for more than 29 years! No combination of excuses could possibly justify such ineptitude or recalcitrance for such an epic period of time.

Under the APA, administrative agencies have a *duty* to decide issues presented to them within a reasonable time, 5 U.S.C. § 555(b), and reviewing courts have a *duty* to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) Our Circuit Court has remarked that

> nine years should be enough time for any agency to decide almost any issue. There comes a point when relegating issues to proceedings that go on without conclusion in any kind of reasonable time frame is tantamount to refusing to address the issues at all and the result is a denial of justice.

*Nader v. F.C.C.*, 520 F.2d 182, 206 (D.C. Cir. 1975). By any measure,[1] defendants' 29-year delay in reviewing plaintiff's suspended lease, and reaching a final determination, is "unreasonable delay" within the meaning of the APA. *See* 5 U.S.C. § 706(1); *Nader* 520 F.2d at 206 ("Although the issues are complicated, we can find no justification for a delay of ten years.").

In *Nader*, the Federal Communications Commission had failed to resolve ratemaking issues for more than ten years. *Id.* at 206. As a remedy, our Circuit Court required the Commission to submit a schedule for the "orderly, expeditious" resolution of the ratemaking, subject to the Court's approval; our Circuit Court additionally required

---

[1] Indeed, I could not find, nor could the parties identify, a single example where agency action was as egregiously delayed as the 29 years at issue here. *See In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (six year delay in responding to a petition held "nothing less than egregious"); *Air Line Pilots Ass'n, Int'l v. Civil Aeronautics Bd.*, 750 F.2d 81, 86 (D.C. Cir. 1984) (five-year delay unreasonable); *Public Citizen Health Research Grp. v. Auchter*, 702 F.2d 1150, 1157–59 (D.C. Cir. 1983) (three-year delay unreasonable); *MCI Telecomms. Corp. v. FCC*, 627 F.2d 322, 325 (D.C. Cir. 1980) (four-year delay in determining a tariff held unreasonable); *Geneme v. Holder*, 935 F. Supp. 2d 184, 193-94 (D.D.C. 2013) (denying government's motion that eight-year delay was reasonable); *Han Cao v. Upchurch*, 496 F.Supp.2d 569, 577 (E.D. Pa. 2007) (concluding that "a four-year delay in the review of an application for legal permanent residence is presumptively unreasonable"); *Elkhatib v. Butler*, 2005 WL 5226742, at *2 (S.D. Fla. June 7, 2005) (holding that four years is an unreasonable length of time for an application for an adjustment in immigration status to remain pending).

approval for any alterations to the schedule and explanations for all material failures to comply. *Id.* at 207. Indeed, our Circuit Court frequently orders recalcitrant agencies to establish schedules, subject to court approval, to finish their reviews and reach final agency decisions. *See, e.g., Pub. Citizen Health Research Grp. v. Brock*, 823 F.2d 626, 629 (D.C. Cir. 1987) (finding unreasonable delay and forcing agency to adhere to its proposed schedule); *Air Line Pilots Ass'n, Int'l v. C.A.B.*, 750 F.2d 81, 89 (D.C. Cir. 1984) (finding unreasonable delay and ordering the agency to give the court status reports every 30 days); *MCI Telecommunications Corp. v. F.C.C.*, 627 F.2d 322, 345 (D.C. Cir. 1980) ("Nevertheless, we believe the time has come to bring these proceedings to a close, and a judicially supervised schedule for doing that hopefully will obviate the need for more drastic judicial relief."); *see also Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 30, 41 (D.D.C. 2000) (directing the agency to submit to the court a proposed schedule for resolving plaintiff's petition for acknowledgement as an Indian tribe).

Under the current circumstances,[2] I find that ordering the defendants to submit, and to stick to, an accelerated and fixed schedule is an appropriate remedy, rather than ordering that the defendants directly lift the suspension of the lease. *See Pub. Citizen Health Research Grp.*, 823 F.2d at 629 ("[W]e should avoid if possible any direct judicial meddling with the details of [the agency's] rulemaking schedule."); *Muwekma Tribe*, 133

---

[2] At the Court's most recent hearing counsel for the Government represented that the relevant agencies were actually close to completing their necessary review. *See* Transcript of Proceedings on June 10, 2015, at 47:21-48:18 [Dkt. # 49] ("They're close to the very end of the national historic preservation process, and they're committed to completing it. . . . When they get to the end of that, then they will have to make a recommendation to the Secretary of Interior on suspension."). I have taken that representation seriously.

F. Supp. 2d at 41 ("The plaintiff requests an order compelling review of its petition in twelve months. However, this court may address unreasonable delay by means less intrusive than mandamus."). Thus, the defendants must submit a proposed accelerated schedule that sets forth in particular: (1) the tasks remaining to be completed, and the rationales for their necessity; and (2) an accelerated timetable necessary for those tasks to be completed expeditiously. Accordingly, it is hereby

**ORDERED** that defendants' cross motion for summary judgment [Dkt. # 33] is **DENIED**; it is further

**ORDERED** that, to the extent plaintiff requests that this Court directly order the defendants to lift the suspension on plaintiff's lease, plaintiff's motion for summary judgment [Dkt. # 24] is **DENIED** in part; it is further

**ORDERED** that, to the extent plaintiff requests that this Court demand that defendants establish a schedule within which it will determine whether to lift the suspension of plaintiff's lease, plaintiff's motion for summary judgment [Dkt. # 24] is **GRANTED** in part; it is further

**ORDERED** that within 21 days from the issuance of this Order, the defendants must submit a schedule for the orderly, expeditious resolution of the decision whether to lift the suspension of plaintiff's lease. This schedule shall include (1) the defendants' proposed tasks remaining to be completed and rationales for why those tasks are legally necessary, and (2) an accelerated timetable for completing those tasks still necessary to expeditiously resolve the issues regarding plaintiff's suspended lease. Thereafter, the Court shall either approve or reject the defendants' schedule or order such further

5

adjustments as appropriate. After the schedule of proceedings has been approved, the defendants will be required to adhere to it. Any alterations will require the approval of this court and the defendants will be required to explain any and all material failures to comply, which may possibly be remedied by a judicial order lifting the current suspension entirely.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge