IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SOLENEX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CV No. 13–993–RJL |
| | ) | |
| | ) | Washington, D.C. |
| vs. | ) | March 16, 2016 |
| | ) | 12:00 p.m. |
| SALLY JEWELL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          Steven James Lechner
                            Sonny Cranch
                            MOUNTAIN STATES
                            LEGAL FOUNDATION
                            2596 South Lewis Way
                            Lakewood, CO 80227–2705
                            (303)292–2021
                            lechner@mountainstateslegal.com

For the Defendants:         Ruth Ann Storey
                            U.S. DEPARTMENT OF JUSTICE
                            Land & Natural Resources Division
                            Ben Franklin Station
                            P.O. Box 7611
                            Washington, D.C. 20044–1420
                            (202)305–0493
                            ruth.ann.storey@usdoj.gov

APPEARANCES CONTINUED:

Court Reporter:                    William P. Zaremba, RMR, CRR
                                   U.S. Courthouse
                                   333 Constitution Avenue, NW
                                   Room 6511
                                   Washington, D.C. 20001
                                   (202)354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

```
 1              P R O C E E D I N G S

 2              DEPUTY CLERK:  All rise.  This Honorable Court is

 3  now in session.  The Honorable Judge Richard J. Leon

 4  presiding.  God save the United States and this Honorable

 5  Court.  Please be seated and come to order.

 6              Your Honor, we have Civil Action 13-993, Solenex,

 7  LLC, versus Sally Jewell, et al.

 8              Counsel, please approach the lectern and identify

 9  yourselves for the record.  Thank you.

10              MR. LECHNER:  Steve Lechner for plaintiff,

11  Solenex.

12              THE COURT:  Welcome back.

13              MR. STOREY:  Ruth Storey for the federal

14  defendants.

15              THE COURT:  Welcome back.

16              All right, Mr. Lechner, where are we?

17              MR. LECHNER:  May it please the Court, my name is

18  Steve Lechner.

19              THE COURT:  Oh, I know who you are.

20              We've done this a few times.

21              MR. LECHNER:  Sydney Longwell, the original lessee

22  and the manager of Solenex, is not here today because he's

23  under doctor's order not to travel.

24              With me at counsel table is Sonny Cranch, who is a

25  member of Solenex.
```

```
 1              THE COURT:  I see.  Thank you.

 2              MR. LECHNER:  Basically, I'm here today to ask

 3   this Court not to condone defendants' attempt to engage in

 4   further unlawful delay.

 5              They've advised that they are seeking to cancel

 6   the lease that was issued in 1982, 33 years ago.  For 33

 7   years, they treated this lease as valid.

 8              They did numerous studies under the National

 9   Environmental Policy Act, the National Historic Preservation

10   Act, and represented to Mr. Longwell throughout the years

11   that his approved APD was valid, which you can't have an

12   approved APD without a valid lease.

13              Then after this case was filed in 2013, defendants

14   continued to treat the lease as valid by forcing Solenex to

15   travel to Montana four times for meetings that they said was

16   necessary in order to lift the suspension of the lease.

17              They spent two years arguing to this Court that

18   they have not unreasonable delayed in lifting the suspension

19   of the lease.

20              And then after this Court rules that their 29-year

21   delay was unlawful, they turn around and say, well, we might

22   have issued it prematurely in violation of NEPA back in

23   1982, so we want to cancel it.

24              This Court has the authority to prevent further

25   unreasonable delay.
```

5

1          We filed this case seeking relief from defendants'

2     efforts to prevent us from exercising our lease rights.

3     The Court ruled that their delay was unlawful.

4          Once the Court made that ruling -- this Court has

5     broad equitable powers, remedial powers to prevent further

6     delay.

7          And canceling their lease or attempting to cancel

8     the lease will add further delay, because they don't have

9     the authority to administratively cancel the lease.

10          Neither the Secretary nor the judiciary can cancel

11     the lease, because Solenex is a bona fide purchaser.

12          Their argument that the lease was issued in

13     violation of NEPA is spurious, because, for 33 years, they

14     treated it as good.

15          And they have now completed two Environmental

16     Impact Statements, two comprehensive environmental

17     assessments over these 33 years.

18          They rely on cases that say you've got to do an

19     EIS before you issue a lease with the surface disturbing

20     capabilities.  Well, they've done that.  They did it with

21     the 1986 Forest Plan.  They did it in a company EIS.

22          And they did a comprehensive, thousand -- nearly a

23     thousand-page Environmental Impact Statement for two APDs:

24     Fina's at the time, which is ours, and then one for Chevron.

25          And then finally, they don't have the authority to

6

1    do what they're thinking about doing, because they're under

2    the Doctrine of Estoppel and Laches.  You can't sit there

3    and tell somebody for 33 years that they've got a valid

4    lease.

5              THE COURT:  So what kind of order do you need to

6    commence drilling?

7              MR. LECHNER:  I need an order lifting the

8    suspension.  That would be the ideal order.

9              The government argues, well, the Court can't tell

10   us what to do.  Well, it can after there's a finding of

11   unlawful behavior.

12             And, moreover, we're here -- we're not really

13   asking the Court to tell them what to do, we're telling

14   them, you can't go down this path that you're fixing to go

15   down by canceling the lease.

16             THE COURT:  You and your client obviously

17   understand that whatever order I issue will be appealed.

18   And whatever appeal is taken, which won't be in the province

19   of Ms. Storey here but her superiors, will take well over a

20   year.  There's just no way around it.

21             But that's separate and apart from whether the

22   order should be forthcoming, a separate issue.

23             MR. LECHNER:  I realize that.

24             THE COURT:  But, you know, the hope that the Court

25   had, this could get all resolved before this next drilling

7

```
 1   season could commence is clearly in the balance.

 2             But an appellate review is, essentially, highly

 3   likely, if not a guarantee, right?

 4             MR. LECHNER:  Well, unless they can come up with a

 5   better plan.

 6             Because their plan right now -- as I demonstrate

 7   in my brief -- they're going down an unlawful plan, and it's

 8   going to take me a couple years to challenge that.

 9             THE COURT:  It's pretty clear what's been going on

10   at the government.  They're running the clock out, to the

11   extent that they can.  They've been doing it for a long

12   time.

13             They want to get through this administration.

14   They don't know what the next administration will look like,

15   God knows we don't either, none of us, and they're running

16   the clock out, and that's what they're trying to do.

17             And obviously, the time has more than come for a

18   court -- some federal court somewhere to say enough's

19   enough.  I thought I'd made that clear to them in my earlier

20   opinion.

21             Apparently, they didn't get the message.  I'm sure

22   Ms. Storey got the message, because she is, after all, the

23   one who sits here and feels the heat.

24             But her superiors not only don't get the message,

25   they are entrenched, dug in, and they're intending to get
```

8

```
 1   through this administration at least, at minimum.

 2             So do you need to give me any more briefing on

 3   this issue, do you think?

 4             MR. LECHNER:  I think my brief was pretty

 5   comprehensive:  That they don't have the authority or the

 6   ability to do what they're going to do; whether it's

 7   estoppel, whether it's -- they don't have the -- you know,

 8   inherent authority, the bona fide purchaser's slam dunk.

 9             THE COURT:  You don't feel the need to have to

10   give me more briefing, do you?

11             I'm not inviting, I'm not looking for more to

12   read, but, you know.

13             MR. LECHNER:  I'd be glad to.  I think I was

14   comprehensive.

15             THE COURT:  I think it's pretty comprehensive as

16   well.

17             All right.  Thank you.

18             MR. LECHNER:  Thank you, Your Honor.

19             THE COURT:  All right.

20             Ms. Storey, you've got the short straw again?

21             MR. STOREY:  I got the short straw.

22             THE COURT:  Yeah.

23             MR. STOREY:  Your Honor, the plaintiff filed a

24   complaint to compel agency action.  You compelled that

25   action.  You ordered us to make a decision.
```

9

```
 1              Now, BLM is poised --

 2              THE COURT:  Now you won't make a decision.

 3              MR. STOREY:  BLM is poised to act.

 4              THE COURT:  Really?

 5              MR. STOREY:  Yes.

 6              THE COURT:  When are they going to act?

 7    Pray tell.

 8              MR. STOREY:  The only -- they would have acted by

 9    now --

10              THE COURT:  Oh, they would have?

11              MR. STOREY:  -- to cancel the lease, but out of

12    deference to the Court, because you were --

13              THE COURT:  Out of deference to the Court?

14              MR. STOREY:  Yes, Your Honor.

15              THE COURT:  Oh, stop.  Don't be silly, just don't

16    be silly.  They don't want to act.

17              I'll tell you what.  The Court wants them to act

18    within the next 24 hours.

19              Act.  Act.  I'll give you 24 hours.

20              It's not an order, it's a request.

21              And tell them don't worry about deference to this

22    Court.  This Court wanted them to act months ago.  Would

23    have been better if it acted years ago.

24              MR. STOREY:  Can you give me a little more than 24

25    hours?
```

10

```
 1                 THE COURT:  No, I cannot.  You've had tons of time

 2    in this case, tons of time.

 3                 I don't know what's been going on in this

 4    bureaucratic jungle that you operate in, but I can tell you

 5    one thing right now for sure:  It isn't being run in a way

 6    that is even arguably concerned about the rights and

 7    interests of a leaseholder that paid money for it.

 8                 It's a callus indifference to the rights of those

 9    people.  And it's an injustice.

10                 And shame on the government agencies and this

11    bureaucratic jungle that they operate in for acting in the

12    way they have acted now for a period of close to three

13    decades.  This has just simply got to stop.  It's got to

14    stop.

15                 If I don't hear from you that they've made a final

16    decision in writing, I want to see the decision in writing

17    in the next 24 hours that, I will move forward.

18                 Do you need to do any more briefing?

19                 MR. STOREY:  No, Your Honor.

20                 THE COURT:  I don't think you do.

21                 MR. STOREY:  Thank you, Your Honor.

22                 THE COURT:  Do you have any questions?

23                 MR. STOREY:  No, I do not, Your Honor.

24                 THE COURT:  You do not.  Very good.

25                 Do you have any further follow-up from the
```

11

1    plaintiff?

2              MR. LECHNER:  No, Your Honor.

3              THE COURT:  We'll stand in recess.

4              DEPUTY CLERK:  All rise.

5              This Honorable Court will stand in recess until

6    the return of court.

7              (Proceedings concluded at 12:12 p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C E R T I F I C A T E

      I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.


Date: March 16, 2016_____   /S/\_\_William P. Zaremba\_\_\_\_\_

                 William P. Zaremba, RMR, CRR